IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL SHEEHAN | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv210 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be denied and the case dismissed. The Petitioner has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit.

The Court notes that the Petitioner was not in custody at the time he filed the lawsuit. The Director submitted documentation showing that he had discharged his sentence. The documents included a copy of a decision issued by the Texas Court of Criminal Appeals dismissing a state application for a writ of habeas corpus on April 6, 2005, because the Petitioner had discharged his sentence. The present petition was filed on June 8, 2005. A habeas petitioner must be "in custody" under a conviction at the time he files a petition for a writ of habeas corpus. *Maleng v. Cook*, 490 U.S. 488 (1989). The "in custody" under a conviction requirement is not satisfied if the sentence imposed for that conviction has fully expired. *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (citing *Maleng*). Adverse collateral consequences do not render an individual "in custody."

*Id.* The Fifth Circuit has held that the "in custody" requirement is not satisfied even in cases where a petitioner was incarcerated at the time he filed the petition but discharged his sentence during the pendency of the case. *Thompson v. Collins*, 981 F.2d 259, 261 (5th Cir. 1993). The Petitioner is not "in custody," and the petition must be dismissed. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. All motions by either party not previously ruled on are hereby **DENIED**.

It is finally noted that the Petitioner has been repeatedly warned about filing vexatious motions and frivolous habeas cases. *See, e.g., In re Daniel Johnson Sheehan*, No. 98-41064 (5th Cir. April 19, 1999). Despite such warnings, he persists in filing new frivolous habeas cases. It is accordingly

**ORDERED** that the Clerk shall return unfiled any new documents submitted by the Petitioner in this case other than a notice of appeal.

**SIGNED this 1st day of September, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE